

## IN THE UNITED STATES DISTRICT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

MICHAEL CRAWFORD., an )
individual, )
)
Plaintiff, )
)
vs. )  Case No. CJ-2022-01533
)
VIC REGALADO, in his Official )
Capacity as Sheriff of Tulsa County; and )
BOARD OF COUNTY COMMISSIONERS )
OF TULSA COUNTY; )
)
Defendants. )

*FILED*

JUN 1 0 2022

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

**22CV - 253 GKF - JFJ**

### NOTICE OF REMOVAL

Defendants Board of County Commissioners of the County of Tulsa ("BOCC") and Sheriff Vic

Regalado ("Sheriff Regalado") (collectively "Defendants"), by and through their undersigned

counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notify this court they are removing

the above-captioned case pending in the District Court of Tulsa County, Oklahoma to the United

States District Court for the Northern District of Oklahoma. In support of this Notice of Removal,

Defendants state as follows:

1.      Plaintiff filed his Petition in the District Court for Tulsa County, Oklahoma, on

May 18, 2022 (the "State Court Lawsuit"). Defendants received service of Plaintiff's Petition on

about May 23, 2022. Thus, this Notice of Removal is filed with this Court within thirty (30) days

of the receipt of Plaintiff's Complaint (or Petition) as required by 28 U.S.C. § 1446(b).

2.      Defendants intend to file a Status Report of Removed Action within five (5) days

of filing this Notice of Removal. It is currently expected that, within seven (7) days of filing this

Notice of Removal, Defendants will be filing a motion requesting an addition twenty (20) days to



file an answer or other responsive pleading. Pursuant to LCvR 81.2, clear and legible copies of all documents filed or served in the case are attached as follows: Plaintiff's Petition as **Exhibit 1**; a copy of the summons served upon Defendant BOCC as **Exhibit 2**; a copy of the summons served upon Defendant Sheriff Regalado as **Exhibit 3**; and a copy of the Docket Sheet as **Exhibit 4**.

3.     Regarding Plaintiff's claims, the basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. §§ 1332.

4.     In accordance with 28 U.S.C. § 1446(d), Defendants are promptly filing a copy of this Notice of Removal with the Clerk of the District Court for Tulsa County, Oklahoma.

5.     In accordance with 28 U.S.C. § 1446(d), Defendants are also giving written notice to Plaintiff by promptly serving this Notice of Removal upon Plaintiff's counsel.

6.     As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the Northern District of Oklahoma, which is the District Court embracing the place where the State Court Lawsuit has been filed.

## BASIS FOR REMOVAL

7.     Plaintiff's Petition makes claims under the Governmental Tort Claims Act ("GTCA"), in accordance with 51 O.S. § 154, for the statutory cap of $175,000, an amount within the jurisdiction of this Court.

8.     Plaintiff states in the Petition that he is a citizen of Sebastian County, Arkansas; a different state than Defendants. Petition, ¶ 1.

9.     Accordingly, Plaintiff has invoked this Court's diversity jurisdiction on a claim "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332.

10.    Venue lies in this Court because Plaintiff's action is pending in this district and division and the cause of action arose within this jurisdiction. See 28 U.S.C. § 1441(a).

11.    All Defendants who have been properly joined and served join in or consent to the removal of this case to Federal Court.

WHEREFORE, Defendants respectfully request that the above-captioned action now pending in the District Court of Tulsa County, Oklahoma, be removed to the District Court for the Northern District of Oklahoma, and that said District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated this 10th day of June, 2022.

Respectfully submitted,

James G. Rea, OBA #30801
Leana Glenn, OBA #34962
Assistant District Attorneys
TULSA COUNTY DISTRICT ATTORNEY'S OFFICE
218 W. 6th St., Suite 935
Tulsa, OK 74119
jrea@tulsacounty.org
Lglenn@tulsacounty.org
(918) 596-4656
ATTORNEYS FOR DEFENDANT,

## CERTIFICATE OF MAILING

I hereby certify that on June ⟨10⟩, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage prepaid, to the following non-CM/ECF participant:

Daniel Smolen
Smolen & Roytman, PLC,
701 S. Cincinnati Ave.
Tulsa, OK 74119

Leana Glenn

BOCC - Service

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

**FILED**

DISTRICT COURT

RECEIVED   MAY 18 2022

MAY 23 2022   DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| MICHAEL CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| VIC REGALADO, in his Official Capacity as | ) ATTORNEY LIEN CLAIMED |
| Sheriff of Tulsa County; and | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF TULSA COUNTY; | ) |
| | ) |
| | ) |
| Defendants. | ) |

MAY 23 2022 PM 12:0
TULSA CO CLERK RECEI

# CJ-2022-01533

JAMAN CANTRELL

## PETITION

COME NOW the Plaintiff, Michael Crawford, and for his cause of action against the

Defendants, Vic Regalado, in his Official Capacity as Sheriff of Tulsa County, Board of County

Commissioners of Tulsa County and an unknown Tulsa County Sherriff Officer, individually and

state as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Michael Crawford is a resident of Sebastian County, Arkansas.

2.      Defendant Board of County Commissioners of Tulsa County ("BOCC") is a

statutorily-created governmental entity.  In Oklahoma, any tort action against the state or its

political subdivisions must name that entity as defendant.  *See* 51 O.S. § 163(C).  Under

Oklahoma's Governmental Tort Claims Act ("GTCA"), the governmental entity "assumes liability

for loss resulting from the torts of its employees acting within the scope of their employment and

such liability is exclusive and in place of all other liability of an employee at common law or

otherwise." *Shephard v. CompSource, Oklahoma,* 209 F.3d 288, 294 (Okla. 2009).  BOCC is a



EXHIBIT

1

proper governmental Defendant in this action and is vicariously liable for the torts of TCSO personnel acting within the scope of employment.

3.     Defendant Vic Regaldo ("Sheriff Regalado" or "Defendant Regalado") is the Sheriff of Tulsa County, Oklahoma, residing in Tulsa County, Oklahoma. Sheriff Regalado is sued purely in his official capacity. It is well-established that a claim against a county sheriff in his official capacity "is the same as bringing a suit against the county." *Martinez v. Beggs,* 563 F.3d 1082, 1091 (10th Cir. 2009). *See also Porro v. Barnes,* 624 F.3d 1322, 1328 (10th Cir. 2010); *Bame v. Iron Cnty.,* 566 F. App'x 731, 737 (10th Cir. 2014).   As the elected Sheriff, Sheriff Regalado is, in essence, a governmental entity. Thus, Sheriff Regalado, in his official capacity, is vicariously liable for the torts of TCSO personnel acting within the scope of employment.

4.     The district courts of Oklahoma have subject matter jurisdiction of any claims, such as the claims brought in this case, arising under the GTCA.

5.     Venue is proper because this is an action against a political subdivision brought in the county, Tulsa County: (a) where the political subdivision is located; and (b) where the cause of action arose. *See* 51 Okla. Stat. § 163(B).

6.     Plaintiffs timely filed a notice of tort claim, within one (1) year of the date the loss, against the political subdivision, pursuant to the provisions of the GTCA. *See* 51 Okla. Stat. § 156. Said notice of tort claim was filed with the Tulsa County Clerk on or about June 3, 2021. Plaintiff has now timely filed this action within one-hundred and eighty (180) days after the denial of the claim. *Id.*

7.     The accident and injuries subject to this dispute occurred in Tulsa County, Oklahoma.

8.     This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

2

## FACTS COMMON TO ALL CLAIMS

9.     Paragraphs 1 through 8 are incorporated herein by reference.

10.    On the morning of June 18, 2020, Michael Crawford was riding his bicycle in Tulsa County, Oklahoma, near Second Street and Denver.

11.    At the same time, an unknown Tulsa County Sherriff Officer failed to yield while making a left turn in front of Mr. Crawford.

12.    The Tulsa County Sherriff Officer negligently and recklessly attempted to make a left turn in front of on-coming traffic giving Michael Crawford no time to slow down.

13.    The force of the collision resulted in Michael Crawford being seriously injured.

## CAUSES OF ACTION

### I.      As to all Defendants

#### Negligence/Negligence *per se*

14.    Paragraphs 1 through 13 are incorporated herein by reference.

15.    The unknown Tulsa County Sherriff Officer  as an employee and/or agent of Defendant Vic Regalado, owed a duty to Michael Crawford, and all others on the road, to operate his patrol vehicle in a safe and reasonable manner, using ordinary care to prevent injury to other persons and to keep a lookout consistent with the safety of other vehicles.

16.    By failing to operate the patrol car in such a way, and by acting recklessly with complete disregard for the health and safety of Michael Crawford, and all other drivers on the road, Defendants breached the duty and standard of care owed to Plaintiff, as proscribed in *State ex rel. Oklahoma Dept. of Public Safety v. Gurich*, 238 P.3d 1 (Okla. 2010).

17.    Defendants' breach was the actual and proximate cause of Michael Crawford's injuries.

3

18.     At the time of the June 18, 2020 crash, the unknown Tulsa County Sherriff Officer was acting in the scope and course of his employment with Defendants Regalado and the Board of County Commissioners of Tulsa County (BOCC). Consequently, Defendants Regalado in his official capacity and the BOCC are vicariously liable for the Tulsa County Sherriff Officer's acts and omissions under the legal theory of *respondeat superior*, and are thus liable for the damages as set forth herein.

19.     Defendants owed a legal duty to Plaintiff, and the driving public-at-large, to maintain their patrol vehicles -- and to conduct their patrol operations -- in a reasonably safe manner and in compliance with applicable safety laws and regulations.

20.     Defendants breached the duty owed to Plaintiff, and the driving public-at-large, by failing to comply with all applicable state and federal standards and regulations, including, but not limited to, Titles 47 and 51 of the Oklahoma Statutes, which were enacted to protect the public, including the Plaintiff, from injury. Plaintiff's injuries were of the type intended to be prevented by these standards and regulations.

21.     Defendants' breach was the actual and proximate cause of Plaintiff's injuries and the damages alleged herein.

22.     Defendants' violation of applicable safety laws, regulations and standards, as set forth herein, constitutes negligence *per se*.

23.     As a result, Plaintiff suffered personal injury, including medical expenses, mental and physical pain and suffering, punitive damages, and other actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00) each.

## II.     As to Defendants Regalado and BOCC

### A. Negligent Hiring, Training, Supervision, and Retention.

24.    Paragraphs 1 through 23 are incorporated herein by reference.

25.    Defendants Regalado and BOCC have a duty to train and supervise any and all employees and/or agents in the safe operation of their vehicles and in the performance of duties

26.    At the time of the accident, the Defendants Regalado and BOCC knew or should have known that Tulsa County Sherriff Officer lacked proper training or experience in operating the patrol vehicle as well as responding to emergency situations.

27.    By failing to adequately train and supervise the Tulsa County Sherriff Officer, as well as retaining the Tulsa County Sherriff Officer as an employee and/or agent of Defendants Regalado and BOCC, Defendants Regalado and BOCC breached the duty owed to Plaintiffs, and all other individuals on the road.

28.    This breach was the actual and proximate cause of Plaintiffs' injuries and the damages alleged herein.

29.    As a result, Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, punitive damages, permanent disfigurement and other actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00) each.

### B. Negligent Entrustment.

30.    Paragraphs 1 through 29 are incorporated herein by reference.

31.    Defendants Regalado and BOCC owned the patrol car that the Tulsa County Sherriff Officer was driving at the time of the accident.

32.    Defendants Regalado and BOCC allowed the Tulsa County Sherriff Officer to operate the vehicle when Defendants knew or should have known, that the Tulsa County Sherriff Officer was a careless, reckless, and incompetent driver, lacking adequate experience operating the type of vehicle involved in the subject accident.

33.     Moreover, Defendants entrusted the operation of the patrol car to the Tulsa County Sherriff Officer when they knew or should have known that the Tulsa County Sherriff Officer was a careless, reckless, and incompetent driver, lacking adequate experience operating the type of vehicle involved in the subject accident.

34.     Plaintiff incurred a loss as a result of this careless, reckless and incompetent behavior.

35.     As a result, Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, punitive damages, permanent disfigurement and other actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00) each.

### III. As to All Defendants

### Punitive Damages

36.     Paragraphs 1 through 35 are incorporated herein by reference.

37.     The willful, wanton, and reckless conduct of all named Defendants and utter indifference to the safety, health and well-being of Plaintiff, entitle Plaintiff to an award of exemplary damages under Oklahoma law. Furthermore, all Defendants willfully, wantonly and recklessly failed to comply with applicable state safety laws and regulations regarding the operation and use of their vehicles, and such actions or inactions were not only detrimental to Plaintiffs but to the public at large.

38.     The acts of all Defendants were wrongful, culpable, and so egregious that punitive damages in a sum that exceeds Seventy-Five Thousand Dollars ($75,000.00) each should be awarded against them to set an example to others similarly situated that such inexcusable conduct will not be tolerated in our community.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant them the relief sought including, but not limited to, actual damages for each in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), reasonable attorney's fees, and all other relief deemed appropriate by this Court.

Respectfully Submitted,

SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA# 19943
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorney for Plaintiff*

7

**IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA**

MAY 23 2022 PM 12:02
TULSA CO CLERK RECEIVED

MICHAEL CRAWFORD,

      Plaintiff,

v.

VIC REGALADO, in his Official Capacity as
Sheriff of Tulsa County, and
BOARD OF COUNTY COMMISSIONERS
OF TULSA COUNTY,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**CJ-2022-01533**
Case No.

ATTORNEY LIEN CLAIMED

*RECEIVED*
MAY 23 2022

**ORIGINAL SUMMONS**

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

    Board of County Commissioners of Tulsa County
    c/o Tulsa County Clerk
    218 W. 6th St., 7th Floor
    Tulsa, OK 74119-1004

To the above-named Defendant(s)

    You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this _18_ day of _5_ , 2022

           County Court Clerk

    By _____

           Deputy Court Clerk

(Seal)
This summons and order was served on

_____
(Signature of person serving summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

**EXHIBIT
2**

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of_____, 2022, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2022, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2022.  I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2022.

By:

Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2022.
My Commission Expires: _____
Seal _____   Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2022, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|

_____
Signature of person mailing summons

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

MICHAEL CRAWFORD,               )
                                )
    Plaintiff,             )
                                )     **CJ-2022-01533**
v.                              )
                                )     Case No.
                                )
VIC REGALADO, in his Official Capacity as  )     ATTORNEY LIEN CLAIMED
Sheriff of Tulsa County, and    )
BOARD OF COUNTY COMMISSIONERS   )
OF TULSA COUNTY,                )
                                )     MAY 23 2022 PM 12:03
    Defendants.            )     TULSA CO CLERK RECEIVE

### ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

*RECEIVED*

*MAY 23 2022*

Vic Regalado
c/o Tulsa County Clerk
218 W. 6th St., 7th Floor
Tulsa, OK 74119-1004

To the above-named Defendant(s)

    You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this _18_ day of _____5_____, 2022

                County Court Clerk

        By _____

                Deputy Court Clerk

(Seal)

This summons and order was served on                      .

                _____
                (Signature of person serving summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

**EXHIBIT**
**3**

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of_____, 2022, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2022, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2022.  I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____, Total $_____ Dated this _____ day of _____, 2022.

By:

Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of\_\_\_\_\_, 2022.
My Commission Expires: _____

Seal

Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2022, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|

Signature of person mailing summons



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA

MICHAEL CRAWFORD,
    Plaintiff,
v.
VIC REGALADO, SHERIFF OF TULSA COUNTY
    Defendant, and
BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY,
    Defendant.

No. CJ-2022-1533
(Civil relief more than $10,000: NEGLIGENCE (GENERAL))

Filed: 05/18/2022

Judge: Civil Docket E

## PARTIES

BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, Defendant
CRAWFORD, MICHAEL, Plaintiff
REGALADO, VIC, Defendant

## ATTORNEYS

**Attorney**

SMOLEN, DANIEL E (Bar #19943)
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. CINCINNATI AVE
TULSA, OK 74119

**Represented Parties**

CRAWFORD, MICHAEL

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**    Issue: NEGLIGENCE (GENERAL) (NEGL)
    Filed By: CRAWFORD, MICHAEL
    Filed Date: 05/18/2022

    **Party Name**



EXHIBIT
4

**Disposition Information**

| Party Name | Disposition Information |
|---|---|

**Defendant:** REGALADO, VIC

**Defendant:**
BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY

**Issue # 2.**     Issue: PUNITIVE DAMAGES (DAMAGE)
Filed By: CRAWFORD, MICHAEL
Filed Date: 05/18/2022

| Party Name | Disposition Information |
|---|---|

**Defendant:** REGALADO, VIC

**Defendant:**
BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY

# DOCKET

| Date | Code | Description | Party | Count | Amount |
|---|---|---|---|---|---|
| 05-18-2022 | [ TEXT ] | | | #1 | |
| | | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | |
| 05-18-2022 | [ NEGL ] | | | | |
| | | NEGLIGENCE (GENERAL) | | | |
| 05-18-2022 | [ DMFE ] | | | | $ 7.00 |
| | | DISPUTE MEDIATION FEE | | | |
| 05-18-2022 | [ PFE1 ] | | | | $ 163.00 |
| | | PETITION | | | |
| | | Document Available (#1052019529) ☐TIFF  ☐PDF | | | |
| 05-18-2022 | [ PFE7 ] | | | | $ 6.00 |
| | | LAW LIBRARY FEE | | | |
| 05-18-2022 | [ OCISR ] | | | | $ 25.00 |
| | | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | |
| 05-18-2022 | [ OCJC ] | | | | $ 1.55 |
| | | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | |
| 05-18-2022 | [ OCASA ] | | | | $ 5.00 |
| | | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | |
| 05-18-2022 | [ SSFCHSCPC ] | | | | $ 10.00 |
| | | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| 05-18-2022 | [ CCADMINCSF ] | | | | $ 1.00 |
| | | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| 05-18-2022 | [ CCADMIN0155 ] | | | | $ 0.16 |
| | | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | |

**05-18-2022** [ SJFIS ] $ 0.45

STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES

**05-18-2022** [ DCADMIN155 ] $ 0.23

DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS

**05-18-2022** [ DCADMIN05 ] $ 0.75

DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS

**05-18-2022** [ DCADMINCSF ] $ 1.50

DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER

**05-18-2022** [ CCRMPF ] $ 10.00

COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE

**05-18-2022** [ CCADMIN04 ] $ 0.50

COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS

**05-18-2022** [ LTF ] $ 10.00

LENGTHY TRIAL FUND

**05-18-2022** [ SMF ] $ 20.00

SUMMONS FEE (CLERKS FEE)-2

**05-18-2022** [ SMIMA ]

SUMMONS ISSUED - MAILED BY ATTORNEY

**05-18-2022** [ TEXT ]

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CIVIL DOCKET E TO THIS CASE.

**05-19-2022** [ ACCOUNT ]

RECEIPT # 2022-4360037 ON 05/19/2022.
PAYOR: SMOLEN SMOLEN & ROYTMAN PLLC TOTAL AMOUNT PAID: $ 262.14.
LINE ITEMS:
CJ-2022-1533: $183.00 ON AC01 CLERK FEES.
CJ-2022-1533: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.
CJ-2022-1533: $1.66 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2022-1533: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2022-1533: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2022-1533: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.
CJ-2022-1533: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.
CJ-2022-1533: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.
CJ-2022-1533: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2022-1533: $10.00 ON AC81 LENGTHY TRIAL FUND.
CJ-2022-1533: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY.
CJ-2022-1533: $10.00 ON AC89 COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE.